IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LINDA L. FLENNIKEN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | C.A. NO. C-05-566 |
| JO ANNE B. BARNHART, | § | |
| Commissioner of the Social Security | § | |
| Administration, | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR VOLUNTARY REMAND**

Plaintiff, Linda Flenniken, brought this action seeking review of the

Commissioner's final decision that plaintiff is not disabled, and is not entitled to

receive disability insurance benefits.  (D.E. 1).  On February 6, 2006, defendant

filed her answer in this action.  (D.E. 5).

Pending before the Court is Defendant's Unopposed Motion For Remand

pursuant to sentence six of 42 U.S.C. § 405(g).  (D.E. 11).  In her motion, the

Commissioner maintains that her inability to produce a transcription of one of the

administrative hearing's tapes presents good cause, as required by § 405(g), that

provides for remand in instances where there was a failure to incorporate new and

material evidence into the record in a prior proceeding.  She requests that this

action be remanded to allow the Social Security Administration's Appeals Council

to take further action and provide a complete record.  Id. at 1.

The Supreme Court noted that § 405(g) provides for remand to the

Commissioner.  Melkonyan v. Sullivan, 501 U.S. 89, 97-98 (1991).  In relevant

part here, the Court may order remand pursuant to sentence six of § 405(g) for

consideration of additional evidence upon a showing that the evidence is new and

material, and good cause exists for the claimant's failure to present the evidence

earlier.  Id. at 100 (quoting S. Rep. No. 96-408, at 58-59 (1979)).  Sentence six of

§ 405(g) specifically provides:

> The court may, on motion of the Commissioner of Social
> Security made for good cause shown before the
> Commissioner files the Commissioner's answer, remand
> the case to the Commissioner of Social Security for
> further action by the Commissioner of Social Security,
> and it may at any time order additional evidence to be
> taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior
> proceeding....

42 U.S.C. § 405(g) (emphasis added).  The Commissioner subsequent to reviewing

the new and material evidence on remand must:

> file with the court any such additional and modified
> findings of fact and decision, and, in any case in which
> the Commissioner has not made a decision fully
> favorable to the individual, a transcript of the additional
> record and testimony upon which the Commissioner's
> action in modifying or affirming was based....

42 U.S.C. § 405(g).

The Commissioner has the burden to provide a "certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  42 U.S.C. § 405(g).  Procedural difficulties inhibiting the Commissioner's ability to reconstruct and submit a full and complete record of the administrative proceedings establish a sufficient showing of good cause to justify remand to permit the Commissioner to take the appropriate steps to produce the record.  See, e.g., Taylor v. Heckler, 769 F.2d 201, 201-02 (4th Cir. 1985); Caulder v. Bowen, 791 F.2d 872, 876-77 (11th Cir. 1986).

A sentence six remand in this instance is proper as the Court will retain jurisdiction over the matter, in the event the Commissioner is able to provide a complete record of the administrative proceedings and decides to reaffirm her denial of benefits to plaintiff.  Accordingly, it is respectfully recommended that this matter be remanded to the Social Security Administration, pursuant to sentence six of the Social Security Act, 42 U.S.C. § 405(g), to allow the Appeals Council to complete the record.

Respectfully submitted this 13th day of June 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

3

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).